# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LARRY MYARTT,

      Petitioner,

v.                                     Case No. 07-C-583

JODINE DEPPISCH,

      Respondent.

**ORDER**

Petitioner Larry Myartt has filed a § 2254 petition for a writ of habeas corpus. Although the face of the petition states that Myartt has never filed any federal challenges to his conviction, it is clear that he did in fact file just such an action in Case No. 02-C-896. That petition was denied in 2004, and the judgment was affirmed by the Seventh Circuit Court of Appeals on January 21, 2005 in Appeal No. 04-2115. As the Seventh Circuit described the petition, "The sole issue is whether Chesshir's [Myartt's attorney] arguments on direct appeal regarding the trial court's denial of Myartt's motion to suppress were so inadequate that Myartt's Sixth Amendment right to effective assistance of counsel was violated." *Myartt v. Frank,* 395 F.3d 782, 785 (7th Cir. 2005).

The present petition asserts that Myartt's appellate counsel was ineffective for failing to argue that the trial judge erred in not requiring the jury to re-deliberate. It also claims the state court of appeals erred by describing Myartt's *Knight* petition as a "post-conviction motion." Regardless of the nature of the present claims, a petitioner bringing a second or successive federal habeas petition must first seek the permission of the court of appeals. 28 U.S.C. § 2244(b)(3)(A). As the Supreme Court has recently explained:

> In short, [petitioner] twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA [the Antiterrorism and Effective Death Penalty Act], he was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it.

*Burton v. Stewart*, 127 S.Ct. 793, 796 (2007).

Because Myartt failed to seek or obtain permission to file a second § 2254 petition, this court lacks jurisdiction to hear his case. The case is therefore ordered **DISMISSED**.

Dated this   5th   day of July, 2007.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge